UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| QUEZADA JAIME, | ) | CASE NO. 4:06 CV0367 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Respondent. | ) | |

On February 16, 2006, pro se petitioner Quezada Jaime filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Jaime, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), names the Federal Bureau of Prisons (BOP) as respondent. Petitioner seeks this court's de novo review of the BOP's decision to award him 658 days of good conduct time (GCT) instead of 766 days to which he believes he is entitled based on his sentence of 168 months.

*Background*

Petitioner pleaded guilty to conspiracy to sell and distribute a controlled substance in the United States District Court for the Northern District of Indiana. On September 13, 1996, Judge Rudy Lozano sentenced Mr. Jaime to 168 months imprisonment. It is the calculation of GCT

against this sentence that is the centerpiece his challenge.

Mr. Jaime argues that the 'good time' credit statute provides that a prisoner may receive up to 54 days credit at the end of each year of his term of imprisonment. He maintains that under BOP policy the maximum allowable good time credit he can be awarded per year is approximately 47 days. This is a result of the fact that the BOP bases its calculation of good time credit on the actual time in prison rather than the sentence set forth in BOP Program Statement 5880.28. He maintains that if he was granted his requested relief he would earn 766 days of good time credit versus the 658 days the BOP has calculated.

*28 U.S.C. §2241*

Claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Therefore, although Mr. Jaime named the BOP as respondent in this action, this court does have personal jurisdiction over his custodian for purposes of habeas review pursuant to 28 U.S.C. § 2241. See 28 U.S.C. § 2243 (district court shall direct a writ of habeas corpus "to the person having custody of the person detained"); Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95(1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody"). Thus, the matter is properly before this court.[1]

Federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 CFR §§ 542.10-542.16 (2006), and prisoners have been able to seek judicial

---

[1] The current warden at F.C.I. Elkton is T.R. Sniezek.

review of these computations after exhausting their administrative remedies. See United States v. Bayless, 940 F.2d 300, 304- 305 (8th Cir. 1991); United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989); United States v. Martinez, 837 F.2d 861, 865-866 (9th Cir. 1988).  It appears that Mr. Jaime has properly exhausted his administrative remedies before filing his petition in this court.

*Good Conduct Credit*
*18 U.S.C. §3624*

The relevant statute provides:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . .

18 U.S.C. § 3624. While it is clear that credit is accrued up to 54 days per year for each year served, it appears that the petitioner has interpreted the provision, "beyond the time served" to mean that he should receive credit based on the term of his original sentence, not just the years of the sentence he is serving.  There is, however, no case law to support his interpretation.  To the contrary, the Sixth Circuit has explicitly held that credit is earned only for the years in which the prisoner is actually incarcerated. See Petty v. Stine, 424 F.3d 509(6th Cir. 2005), rehearing en banc denied (Jan 23, 2006)(Bureau of Prisons reasonably interpreted statute permitting federal prisoner to be awarded 54 days of good-time credit per year as permitting good-time credit to be awarded based on time actually served by prisoner); see also Trevino-Casares v. U. S. Parole Comm'm, 992 F.2d 1068,1072 (10th Cir. 1993)( "the application of service credits is governed by 18 U.S.C. §3624(a), which indicates, uncontroversially, that such credits are applied to the sentence of confinement the prisoner is serving").  Because Mr. Jaime has been in custody since May 21, 1994,  his 12 years and 72 days

3

presumptive term of incarceration potentially entitle him to 658 days of good conduct credits.[2]

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                            */s/Dan Aaron Polster 4/5/06*
                                            DAN AARON POLSTER
                                            UNITED STATES DISTRICT JUDGE

---

[2] In his response to Mr. Jaime's Request for Administrative Remedy, Warden Sniezek noted that "Good Conduct Time is awarded at a rate of 54 days for every 365 days you are actually in custody, not on the entire sentence imposed." (Sniezek to Jaime Response of 8/4/05).